SARA SCHREIBER, PLAINTIFF-RESPONDENT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANT-APPELLANT, AND LOUIS KRIEGER, DEFENDANT.

Argued October 24, 1933—Decided January 5, 1934.

For the plaintiff-respondent, *John N. Platoff.*

For the defendant-appellant, *Henry H. Fryling, William H. Speer* and *Carl T. Freggens.*

The opinion of the court was delivered by

CASE, J. The appeal is from a judgment entered on a jury verdict before Judge Caffrey in the Bergen Circuit for the sum of $30,000 (later reduced on rule to $19,000) against Public Service Co-ordinated Transport and in favor of the plaintiff for personal injuries alleged to have been received by the latter while a passenger on a bus of the corporated defendant. The incident involved a collision between a Public Service bus and an automobile driven by Louis Krieger. The verdict went in favor of Krieger, a co-defendant in the action.

The bus was proceeding northerly, and Krieger's car southerly, on Kinderkamack road, each approaching the other. The road was slippery, a condition that resulted in part from a very recent fall of snow. Reis avenue ran from the east into, and ended at, Kinderkamack road, ahead of both vehicles. Krieger, being behind a horse-driven vehicle and finding himself skidding, managed to maneuver his car across the line of north-bound traffic into the Reis avenue opening. The bus driver, to escape the skidding car, likewise veered into Reis avenue and stopped. There was an impact between the car and the bus, slight, as may be gathered from the resulting property damage. The bus showed a scratch on one of the panels in the center of the bus and a dent in a rear fender. The Krieger car, sustaining a broken bumper and some dents in the front fenders, was repaired at a cost of $4.50. Nevertheless, there was an impact and plaintiff, who was seated on the far side of the bus, claimed to have been thrown thereby and to have suffered serious injuries therefrom.

Appellant presents two points, namely, that the court erred in refusing to nonsuit and that it further erred in refusing to direct a verdict. Both contentions may, under familiar rules, be resolved into the question of whether or not the direction of a verdict was properly refused, because, if evidence competent to take the case to the jury came in after the refusal to nonsuit, any error in such refusal grounded in the lack of that evidence was cured. *McGee* v. *Kraft,* 110 *N. J. L.* 532; *Maudsley* v. *Richardson & Boynton Co.,* 101 *Id.* 561. The alleged failure in the proof of appellant's negligence was the only reason assigned at the trial for either a nonsuit or a direction; and that is the only ground that we shall consider.

The case is close but, we think, clear. Much of the argument goes really to the weight of evidence, effective on a rule to show cause but inappropriate on an appeal. Also, the pertinency of the principle of *res ipsa loquitur* is argued at length, but we come to our conclusion independently of that doctrine.

Was there evidence of appellant's negligence sufficient to go to the jury? We find so. The defendant's bus driver testified that the bus was traveling at from fifteen to eighteen miles per hour; that with the bus traveling at that speed and with conditions as they were at the time, an application of the brakes should have stopped the bus within five or ten feet; that the witness did apply the brakes and that, although the bus did not skid, it went seventy feet with the brakes applied before it came to a stop. The proofs justify an inference that, if the bus had stopped within five or ten feet of the point where the brakes were applied, or within even a greater distance, there would have been no collision and therefore no impact. It was otherwise testified that the road pavement was very icy and "sleety" and that snow had been falling, that the speed of the bus was too swift for the condition of the roadway and that the bus was without chains. It is further in the proofs that the Krieger car began to skid when it was from fifty to sixty feet north of Reis avenue and that the bus was from one hundred and fifty to two hundred feet

south of Reis avenue, thus making a distance, if the thirty-foot width of Reis avenue be included, of from two hundred and thirty to two hundred and ninety feet between the two vehicles when the first signs of danger were manifest. Perhaps the most significant of these measurements, in view of precise locus of the collision, is that of the distance between the bus and Reis avenue.

The trial court, in passing upon the motion for a directed verdict, was not permitted to weigh the evidence but was constrained to take as true all testimony which supported the view of the plaintiff, against whom the motion was made, and to give her the benefit of all legitimate inferences which were to be drawn therefrom in her favor. *Skiba* v. *Hmieleski*, 106 *N. J. L.* 597. The appellant was a common carrier and was obliged to exercise towards its passengers a high degree of care to transport them safely. It was for the jury to determine whether, regard being had for the mechanical equipment of the bus, for the condition of the road and for the obvious exigencies of travel, the bus was being driven at a reasonable rate of speed and the driver was exercising due care in permitting the bus to go so far in approaching a car that was obviously out of control; because, in our opinion, a negative answer would, and does, receive support in the proofs. The skidding car constituted a menace to the bus and its occupants, and it was incumbent upon the bus driver to exercise due care with respect thereto. Conceding that the driver was confronted with an unexpected crisis against which he was not called upon to exercise the same measured judgment as under other and more ordinary circumstances, nevertheless there was a duty upon him, and whether he met or fell short of that duty was, we think, a jury question.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.